## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

JANE DOE,

                           Plaintiff,

-vs-                                                     Case No.  2:07-cv-334-FtM-34SPC

CLIFFORD FORT MYERS, LLC,

                           Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This matter comes before the Court on the Plaintiff Jane Doe's Motion for Default (Doc. #16)

filed on November 27, 2007. Pursuant to Fed.R.Civ.P 55(a), the Plaintiff moves for default against

the Defendant, Clifford Fort Myers, LLC, for failure to file or serve any paper in response to the

Amended Complaint (Doc. #10).

                                    *Procedural History*

        On May 23, 2007, the Plaintiff filed a Class Action Complaint against Southeast Restaurant

Properties, LLC, alleging violations of the Fair and Accurate Transactions Act (FACTA) amendment

to the Fair Credit Reporting Act (FCRA).  Service was properly executed upon the Defendant.  (Doc.

#7).  However, on June 15, 2007, the Plaintiff filed a Motion to Amend or Correct Complaint (Doc.

#8) in order to drop the named Defendant, Southeast Restaurant Properties, LLC, and name Clifford

Fort Myers, LLC, as the proper party defendant.  The Court granted permission to amend the

Complaint and accepted the Amended Complaint (Doc. #10) as filed.  The newly named Defendant,

Clifford Fort Myers, LLC, was served on June 29, 2007, by serving Kim Glover, an employee/agent

authorized to accept service for Corporation Service Company as Registered Agent for the Defendant. (Doc. #11).  Subsequently, the District Court issued an Order to Show Cause (Doc. #12) as to why the case should not be dismissed for failure to file a Case Management Report.  In response, the Plaintiff notified the Court of a settlement between the parties and indicated she would further  notify the Court once the paperwork was finalized. (Doc. #14).  As a result, the District Court administratively closed the file and directed the parties to file appropriate documentation.  <u>See</u> Order (Doc. #15).   The parties failed to file any settlement paperwork.

On November 27, 2007, the Plaintiff moved for default against the Defendant stating the Defendant failed to execute the settlement documents. (Doc. #16).  The District Court took the Motion for Default under advisement and directed the Plaintiff to serve the Motion upon the Defendant.  (Doc. #17).   The Defendant was directed to file a response to the Motion for Default by January 30, 2008.  To date, the Defendant has not filed a response.  Therefore, on February 13, 2008, the District Court re-opened the matter and referred the Motion for Default to the Magistrate Judge for a Report and Recommendation.  (Doc. #19).   Thus, the Motion is ripe for review.

## <u>DISCUSSION</u>

Federal Rule Civil Procedure 55(b)(2) prescribes the procedure to be followed when a judgement is sought against a litigant in default in situations that lie beyond the power delegated to the clerk under Rule 55(b)(1).   The Rule reads, "if the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." Fed.R.Civ.P. 55(b)(2).  Rule 55 does not require testimony to be taken prior to a the entry of a default judgment. <u>S.E.C. v. Smyth</u>, 420 F. 3d 1225, 1231-1232

(11th Cir. 2005) (holding that a hearing is only required in certain circumstances for example where damages might have to be calculated).

Rule 55(b)(2) only applies when the defendant has "appeared," the defendant does not have to make a formal appearance to trigger the notice requirement.  S.E.C. v. Getanswers, Inc., 219 F.R.D. 698, 700 (S.D. Fla. 2004). The defendant must simply manifest a clear intention to defend. Id. (citing New York Life Ins. Co. v. Brown, 84 F.3d 137, 141-42 (5th Cir.1996); Key Bank of Maine v. Tablecloth Textile Corp., 74 F.3d 349, 353 (1st Cir.1996); Wilson v. Moore and Assocs., Inc., 564 F.2d 366 (9th Cir.1977)). Some courts have held that participation in settlement negotiations constitutes a clear intention to defend. Getanswers, Inc., 219 F.R.D. at 700. However, settlement negotiations do not constitute an appearance if the party seeking a default clearly communicates an intention to seek a default judgment if settlement negotiations do not produce results by a specific deadline. Id. see also Wilson, 564 F.2d at 369. Moreover, informal contacts alone do not constitute an appearance if they fail to rise to the level of settlement negotiations. Getanswers, Inc., 219 F.R.D. at 700.

On September 28, 2007, the Plaintiff filed a Notice of Settlement (Doc. # 14).  Although the Defendant has made no formal appearance in this action, it is evident from the record the Defendant manifested a clear intent to defend this case by agreeing to settle.  Therefore, Rule 55(b) applies to this Motion.

 The Plaintiff met the notification requirements of Rule 55(b) on January 11, 2008, when the Plaintiff served the Motion for Default Judgment on the Defendant. (Doc # 18).  The District Court allowed the Defendant up to and including January 31, 2008, to file a response to the Motion for Default Judgment, however, no response was ever filed.  Therefore, the Defendant is in default.

Since the Plaintiff has met the requirements of Rule 55(b), and the Defendant has failed to file any response or formal appearance in the action, it is respectfully recommended the Motion for default is due to be granted.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Plaintiff Jane Doe's Motion for Default (Doc. #16) should be **GRANTED**.

**Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.**

**Respectfully recommended** at Fort Myers, Florida, this   7th   day of March, 2008.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

-4-