**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

JANE DOE,
individually, and on behalf
of others similarly situated

       Plaintiff,

-vs-            Case No.  2:07-cv-334-FtM-34SPC

CLIFFORD FORT MYERS, LLC,

       Defendant.

_____

**O R D E R**[1]

  **THIS CAUSE** is before the Court on Magistrate Judge Sheri Polster Chappell's

Report and Recommendation (Dkt. No. 20; Report), entered March 7, 2008, recommending

that Plaintiff's Motion for Default (Dkt. No. 16) be granted.  To date, no objections to the

Report have been filed, and the time for doing so has passed.

  The Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  "When no timely

objection is filed, the court need only satisfy itself that there is no clear error on the face of

the record in order to accept the recommendation."  Rule 72(b) advisory committee's note

(1983); see also Macort v. Prem, Inc., 208 Fed. Appx. 781, 784-85 (11th Cir. 2006) (per

curiam).  Therefore, if no specific objections to findings of facts are filed, the district court

_____

  [1]  This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available
electronically.  However, it has been entered only to decide the motions addressed herein and is not intended
for official publication or to serve as precedent.

is not required to conduct a <u>de novo</u> review of those findings, but will review the legal conclusions in the report <u>de novo</u> to determine whether there is any clear error.  <u>See</u> <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993); <u>Cooper-Houston v. Southern Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>United States v. Rice</u>, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007); <u>see also</u> 28 U.S.C. § 636(b)(1).

Rule 55(a), Federal Rules of Civil Procedure (Rule(s)), provides for the entry of a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  An order for entry of default is within the discretion of the Court. <u>Marschhauser v. Travelers Indemnity Co.</u>, 145 F.R.D. 605, 610 (S.D. Fla. 1992).  Once default has been entered, the plaintiff may move for default judgment pursuant to Rule 55(b). <u>See, e.g.</u>, <u>Heaton v. Bonacker & Leigh</u>, 173 F.R.D. 533, 534-35 (M.D. Ala. 1997).

While Rule 55(a) provides for entry of a clerk's default, a plaintiff must first effect service of the summons and the complaint properly on the defendant within 120 days of the filing of the action as required by Rule 4(m).  <u>See</u> <u>Maryland State Firemen's Ass'n v. Chaves</u>, 166 F.R.D. 353, 354 (D. Md. 1996) (finding that "service of process must be effective under the Federal Rules of Civil Procedure before a default . . . may be entered against a defendant.") (citations omitted).  Upon review of the Court record, it appears that this action was initiated by Plaintiff on May 23, 2007.  <u>See</u> Class Action Complaint (Dkt. No. 1).  Plaintiff amended the Complaint to name Clifford Fort Myers, LLC, as a defendant on June 19, 2007. <u>See</u> Amended Class Action Complaint (Dkt. No. 10).  Thereafter, Plaintiff effected service of process on Defendant on June 29, 2007, by serving Kim Glover, an "Authorized Agent/Employee Authorized to accept service for Corporation Service Company as

Registered Agent for" Defendant.  Return of Service (Dkt. No. 11) at 1.  The record further reflects that Defendant has failed to plead or otherwise defend this action. Accordingly, it appears that Defendant is indeed in default pursuant to Rule 55(a).

In light of the foregoing and based upon an independent examination of the record, the Court will accept the recommendation of the Magistrate Judge.[2]

Accordingly, it is hereby **ORDERED**:

1.      Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Dkt. No. 20) is **ACCEPTED**.

2.      Plaintiff's Motion for Default (Dkt. No. 16) is **GRANTED**.

3.      The Clerk of the Court is directed to enter a default as to Defendant Clifford Fort Myers, LLC.

**DONE AND ORDERED** at Fort Myers, Florida, this 16th day of April, 2008.

**MARCIA MORALES HOWARD**
United States District Judge

---

[2]      The Report also contains discussion of the entry of a default judgment.  However, Plaintiff did not seek entry of a default judgment, nor did the Magistrate Judge recommend entry of a default judgment. Accordingly, the Court need not address that issue. Plaintiff is free to move for default judgment in accordance with Rule 55(b) and the Local Rules of this Court.

lc
Copies to:

Counsel of Record

The Honorable Sheri Polster Chappell
United States Magistrate Judge